SAGE v. HAINES *et al.*

1. **Conversion:** OF MONEY WRONGFULLY PAID: INSTRUCTIONS: EVIDENCE: VERDICT. Action to recover money which plaintiff alleges was wrongfully paid by her husband and agent to defendants, and was received by them and applied in satisfaction of the husband's debt. There was evidence (see opinion) tending to show that defendants, when they received the money, had knowledge of such facts as would have put a prudent man on an inquiry as to its ownership, which would have led to correct information on that subject. *Held* that this evidence justified the court in submitting an instruction as to defendants' knowledge of plaintiff's ownership of the money, and that the finding of the jury that they had such knowledge could not be set aside for lack of evidence to support it.

2. **Instructions:** STATING ISSUES: IMMATERIAL VARIANCE. In stating the issues to the jury it is not necessary for the court to confine itself to the express averments of the petition. It is sufficient if the substance of the issues be correctly stated in such a manner as to work no prejudice. (See opinion for example.)

3. ————: SPECIAL INTERROGATORIES: IMMATERIAL MATTERS: NO PREJUDICE. The fact that some of the special interrogatories submitted to the jury and answered by them related to immaterial matters, or matters as to which there was no dispute, is no ground for reversal, where none of the answers returned are in conflict with the general verdict, and the general verdict could not have been influenced by them.

*Appeal from Poweshiek District Court.*—HON. D. RYAN, Judge.

FILED, JANUARY 21, 1889.

THIS action was brought to recover a sum of money which plaintiff alleges was wrongfully paid to defendants by W. R. Sage, her agent, who had it in possession for her, and was received and converted by defendants. There was a verdict and judgment for plaintiff, and defendants appeal.

*Haines & Lyman*, for appellants.

*Scott & Clute*, for appellee.

REED, C. J.—Plaintiff was the owner of five promissory notes, executed by W. H. Simmons, amounting in the aggregate to one thousand dollars, and which were secured by mortgage on real estate. The notes were made payable to her order. Her husband, W. R. Sage, borrowed one hundred and ten dollars from John McCandless, and she permitted him to deposit the notes with McCandless, as collateral security. She did not indorse them, but by a separate instrument assigned them to McCandless. Simmons being desirous of paying the notes, McCandless sent them to the First National Bank of Grinnell, with the request that it receive the money, and remit the amount due him, and deliver the notes to Simmons. Plaintiff, being informed that the money would be paid to the bank, executed a release of the mortgage, which she gave to W. R. Sage, her husband, and directed him to deliver it to Simmons, and receive from the bank the residue of the money after the payment of McCandless' claim. Defendants Haines & Lyman acted for Simmons in the transaction. They paid to the bank the amount due on the notes, and they were delivered to them. They also received from W. R. Sage the release of the mortgage. Some years before the transaction they recovered a judgment for about two hundred and fifty dollars against W. R. Sage in favor of J. F. Seiberling & Co., they being attorneys. After the notes came into the possession of the bank, they caused it to be garnished on execution issued on that judgment. When Sage applied to the bank for the

money, after he had delivered the release of the mortgage, he was informed of the garnishment, and the cashier refused to pay him the money. He then saw Haines & Lyman, and it was agreed that they would accept one-half the amount of the judgment in full satisfaction of it, and that the garnishee should be discharged upon payment of that amount, and that arrangement was carried out, and he received from the bank the residue of the money. Plaintiff, who had no knowledge of the agreement until after it was executed, demanded of Haines & Lyman the amount so received by them, and on their refusal to pay brought this suit for its recovery.

I. Under the instructions given by the district court, plaintiff's right of recovery was made to depend upon whether defendants knew, when they received the money, that it belonged to her, or whether they had knowledge of such facts as would have put a prudent man on an inquiry as to its ownership, which would have led to correct information on the subject. It was contended that there was no evidence which warranted the court in submitting that question to the jury, and that their finding upon it is wholly lacking in support. But it is manifest, we think, that the judgment cannot be disturbed on that ground. It is true, Sage did not disclose to defendants, during the negotiation, that the money belonged to plaintiff; but the fact that they were willing to accept one-half the amount due in full satisfaction of the judgment, when the garnishee had in his hands an amount more than sufficient to pay the whole, tended to prove that they suspected, at least, that it did not belong to him. In addition to that, they had the notes in their possession, which on their face afforded evidence of plaintiff's ownership; also the release of the mortgage executed by her. That it is the duty of the court to submit to the jury every material issue as to which there is any evidence, and that this court will not disturb their finding when there is any evidence

tending to support it, are so well settled that there can be no necessity to cite cases in support of the rule.

II.   The trial court, in defining the issues, told the jury that it was alleged in the petition that defendants knew at the time of the transaction in which they received the money that W. R. Sage was acting as the agent of plaintiff. There was no express averment to that effect in the petition, and it was contended that the instruction was misleading. But it was alleged that defendants received the money from Sage knowing that it belonged to plaintiff. The statement in the instruction as to the allegation is not materially different from that, and it is manifest that no prejudice could have resulted from it. Other exceptions taken to the instructions are equally without merit. The charge, as a whole, is a clear expression of the law as the parties conceded it to be, and the jury could hardly have failed to understand the real issues between the parties, and what questions they were required to determine.

2. INSTRUCTIONS: stating issues: immaterial variance.

III.   A number of special interrogatories were submitted to the jury, and were answered by them. It was contended that some of the questions related to immaterial matters, and that as to others there was no dispute between the parties. If the position of counsel should be conceded, we still could not disturb the judgment for that reason. None of the answers returned by the jury are in conflict with the general verdict, nor could the general finding have been influenced by them. The fact that the jury were required to specially determine immaterial questions would afford no ground for disturbing the general verdict, unless it was influenced by them. We do not find in the record any ground for disturbing the judgment, and it will therefore be

